VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 24-ENV-00051

| McPartland ZA Appeal |
| --- |

## ENTRY REGARDING MOTION

Motion: Motion to Reconsider

Filer: John McPartland

Filed Date: December 10, 2024

Town of Middlebury Memorandum in Response, filed on December 20, 2024, by Benjamin W. Putnam, Esq.

**The motion is DENIED.**

In this on the record proceeding, John McPartland (Appellant) appeals a June 5, 2024 decision by the Town of Middlebury (Town) Development Review Board (DRB) denying his appeal of a February 21, 2024 determination by the Zoning Administrator (Zoning Administrator) in which the Zoning Administrator declined to take enforcement action against Richard Tinsley for alleged zoning violations occurring at his property located at 13 Washington Street Extension in Middlebury, Vermont (the Property). Appellant timely appealed the DRB's decision to this Court on June 24, 2024. Presently before the Court is Mr. McPartland's second motion to reconsider this Court's September 23, 2024 dismissal of Question 3 of his Statement of Questions. The Town objects to the motion.

The Court analyzes motions for reconsideration under V.R.C.P. 59(e). The Vermont Supreme Court has recognized that Vermont's Rule 59(e) is "largely identical" to the federal corollary, Federal Rules of Civil Procedure Rule 59(e) and has cited to federal case law interpreting the federal rule. See In re SP Land Co., LLC, 2011 VT 104, ¶ 16, 190 Vt. 418 (citations and quotations omitted). Federal courts, interpreting the federal corollary rule 59(e) have recognized that a party is not entitled to a second motion for reconsideration under Federal Rule 59(e). See PLH Vineyard Sky, LLC v. Vt. Pub. Utility Comm'n, No. 2:23-cv-154, slip op. at 1 (D.Vt. Sept. 16, 2024) (Sessions, J.) (citing Energy Transp. Grp., Inc. v. Borealis Mar. Ltd., No. 21-CV-10969 (S.D.N.Y. June 9, 2024)). Further, and as

noted in <u>PLH Vineyard Sky</u>, a Rule 59(e) motion, either under the federal rule or Vermont's rule, must be filed within 28 days of the date of the decision movant seeks reconsideration of.

This Court dismissed Question 3 in a decision dated September 23, 2024. On October 10, 2024, Mr. McPartland filed his first motion for reconsideration of that decision. The Court denied that motion on December 3, 2024. In his present motion, filed on December 10, 2024, he again seeks reconsideration of the Court's September 23, 2024 decision. This second motion, which is not allowable generally, is also well past the 28-day deadline for a motion to reconsider under Rule 59(e) and is therefore untimely.

In recognition of Mr. McPartland's self-represented status, however, we briefly address the merits of his argument. The Court has identified four basic grounds for granting a Rule 59(e) motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in controlling law." <u>In re Lathrop Ltd. P'ship I</u>, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 10—11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

First, Mr. McPartland asserts his motion is being made pursuant to prongs 1 and 2. Despite this, however, the motion does not contain any "newly discovered or previously unavailable evidence." The motion makes somewhat different arguments from the first motion to reconsider, but otherwise cites to Middlebury's zoning regulations and Town Plan. The zoning regulations, cited in Mr. McPartland's original Statement of Questions and a part of the record in this case on appeal, as defined by V.R.E.C.P. 5(h)(1)(A), is not newly discovered evidence nor was it previously unavailable. The Town Plan is not a part of the record on appeal. We are not authorized to consider evidence that is not in the record. <u>In re Lawrence Site Plan Approval</u>, No. 166-10-10 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. July 9, 2011) (Durkin, J.); <u>In re Marble Dealership Realty LLC Site Plan Approval</u>, No. 169-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 13, 2014) (Walsh, J.). Further, a town's municipal plan, a document that municipalities are authorized by statute to create and is a public planning document, is not newly discovered or previously unavailable evidence. Having failed to meet the standards under prong two, we turn to prong one.

Mr. McPartland argues that Question 3 is broader than this Court interpreted, and this Court retains jurisdiction over it. The Court disagrees. Question 3 addresses the resumption of student housing at the Property. It asked "[w]hy did the Zoning Administration and DRB fail to consider our

request that student housing not resume without first undergoing a Conditional Use Review?" Statement of Questions (filed on July 10, 2024) (emphasis added). In Mr. McPartland's motion he addresses unrelated issues regarding the number of bedrooms in the residence at the property and issues of water and sewer capacity and the screening of a recreational area. He goes on to address impacts from students. The Court understands Mr. McPartland's motion to argue that the Property owner undertook activities related to his student tenants that required conditional use review. Question 3, which contains both a single question and substantial narrative did does not address water or septic capacity,[1] number of bedrooms or screening of a recreational area. Question 3 is narrow in scope: whether conditional use review is required before the Property resumed use as student housing. All other issues raised by Mr. McPartland fall outside of that scope. See V.R.E.C.P. 5(f) (limiting this Court's jurisdiction to matters contained within the Statement of Questions). Instead, the assertions appear to relitigate the scope of the Question and/or seek to broaden the Question after it has already been dismissed. These are not proper grounds to reconsider the Court's decision to dismiss Question 3.

Question 3 as presented and dismissed by this Court addresses impacts of students living at the Property, such as public intoxication, noise, and loss of privacy. Statement of Questions (filed on July 10, 2024). Again, it requested that conditional use review be required before any such activities resumed. Id. It is not disputed that students no longer live at the location. This is a request for an advisory opinion. The Court lacks jurisdiction to make advisory opinions. See In re Snowstone, LLC Stormwater Discharge Authorization, 2021 VT 36, ¶ 28, 214 Vt. 587.[2]

---

[1] Changes to grading and drainage are addressed in Question 4, as amended by the Court.

[2] To the extent that Mr. McPartland cites to language in the Regulations to argue that "future substantial changes" require conditional use, we disagree. The language cited addresses "excessive commercial use or appearance" and impacts thereof. It is not disputed that this is residential property and therefore it appears this provision is irrelevant to the matter before the Court. Even if it were, however, the Court would need to interpret the provision to be consistent with the jurisdictional limitations on the Court and the requirement that all Courts may not issue advisory opinions. There is no current student use of the Property and the sole allegation in Mr. McPartland's appeal is that, at some point in the future, the Property owner may decide to resume such use. This allegation is purely speculative at present.

The motion is therefore **DENIED**. No further motions for reconsideration of this Court's rulings related to Question 3's dismissal, including decisions denying Mr. McPartland's motion to reconsider such rules, is allowable under the rules.

Electronically signed this 6th day of February 2025, pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division